AUSA: Sara D. Woodward                    Telephone: 313-226-9180
Special Agent: Adam Christensen           Telephone: 313-965-2323

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

United States of America,

        Plaintiff,

v.

JUSTIN D. FULLER

        Defendant(s).

Case: 2:16-mj-30111
Judge: Unassigned,
Filed: 03-10-2016 At 09:42 AM
CMP: USA v FULLER (MAW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of **2013-present**, in the county of **Oakland County and elsewhere** in the **Eastern** District of **Michigan**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§2251(a) and (e) <br> 18 U.S.C. § 2252A(g)(2) <br> 18 U.S.C. § 2422 <br> 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) <br> 18 USC 2252A(a)(2)(A) and (b)(1) | Producing, attempting to produce, conspiracy to produce child pornography; participating in a child pornography criminal enterprise; coercion and enticement; access with intent to view and possession and conspiracy to access child pornography; attempt to receive and distribute, conspiracy to receive and distribute, and distribution and receipt of child pornography |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Adam Christensen, F.B.I.
Printed name and title

Sworn to before me and signed in my presence.

Date: March 10, 2016

_____
Judge's signature

City and state: Detroit, Michigan

Hon. Elizabeth Stafford, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR COMPLAINT AND ARREST WARRANT

## I. INTRODUCTION

I, Adam Christensen, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the FBI since 2010, and am currently assigned to the Detroit Division. While employed by the FBI, I have investigated federal criminal violations related to child exploitation, and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251 and 2252A, and I am authorized by the Attorney General to request an arrest warrant.

2. This affidavit is made in support of an application for a criminal complaint and arrest warrant for JUSTIN D. FULLER for violations of 18 U.S.C. § 2251(a) and (e) (producing, attempting to produce, and conspiracy to produce child pornography); 18

1

U.S.C. § 2252A(a)(2)(A) and (b)(1) (receipt and distribution of, conspiracy to receive and distribute, and attempt to receive and distribute child pornography); 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (possession of, knowing access, conspiracy to access, or attempted access with intent to view child pornography); 18 U.S.C. § 2422 (coercion and enticement); and § 2252A(g)(2) (participating in a child pornography enterprise).

3. The statements contained in this affidavit are based in part on: information provided by FBI Special Agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent (SA) with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested arrest warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary probable cause that FULLER has violated Title 18 U.S.C. §§ 2251(a) and (e), 2252A(a)(2)(A) and (b)(1), 2242A(a)(5)(B) and (b)(2), 2422 and 2252A(g)(2).

## II. BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

4. On November 16, 2015, the FBI encountered a subject (S1) in the Eastern District of Michigan. S1 was in possession of child pornography, and has been arrested and charged in the Eastern District of Michigan for child pornography crimes. Both prior to and following his arrest, S1 consented to being interviewed by law enforcement agents. During the interviews, S1 admitted to accessing child pornography. S1 also informed agents that he was a member of a group of individuals that uses the internet to entice minors to engage in sexually explicit conduct via web camera. S1 resided in the Eastern District of Michigan during the commission of the above-listed crimes.

5. Both prior to and following his arrest, S1 consented to being interviewed by law enforcement agents, and provided the following information, which has been corroborated by the FBI undercover investigation:

   a. A group of individuals, acting in concert, used the internet to entice minors to engage in sexually explicit conduct via web camera. The members of this group primarily operated by convincing minor females to visit chat rooms on a specific website. (This website is now known to law enforcement and will hereinafter be referred to as "Website A".) In order to communicate with each other, the group members use base chatrooms

3

on Website A.

b. The group members organize and plan in these base chatrooms, and then create other chatrooms on Website A for the girls to go to. Once the girls arrive in the chatrooms, group members work together to convince them to perform various sexual acts on camera. Everyone present in the chatroom has the ability to watch the girls engaged in these acts, and the group members record the girls. Some of the group members distribute the recordings to other people.

c. Each group member has a different role. There are "hunters," "talkers," "loopers," and "watchers." The "hunters" visit social media websites commonly used by their minor victims to interact with the minors. They are in charge of convincing them to log-on to Website A. They provide the girls with a link to a specific chatroom that they or another group member creates on Website A.[1] Once the minors log-on to Website A, the "talkers" take over the primary job of conversing with them. They ask the minors to do 'dares' which escalate into sexual activity. If a minor is suspicious of the members in the chatroom or reluctant to engage in

---

[1] The hunters often will convince the minor females they interact with to give them their contact information on social media applications like Kik, Instagram, or Skype. Their goal is to chat privately with the girls so that they can avoid posting links to Website A on public websites.

4

sexual activity, a "looper" plays a previously recorded video of a minor actively chatting and performing sexual acts in a chatroom. The "looper" pretends to be the minor in the video. The "looper" plays the video or "loop" of a minor engaged in sexual activity in order to entice the minor in the chatroom to follow suit. Finally, "watchers" are in charge of security. They watch the users coming and going from the chatroom to make sure that no suspected law enforcement members or other unwanted persons access the room. In general, according to S1, all of the members who are present in the room capture, or 'capped' the video stream of the minor being enticed, particularly if child pornography is being produced. To "cap" something is to record it.

6. Specifically, one member of the group has been identified. His username on Website A is "**yep**." **yep** consistently worked with this particular group of individuals in December of 2015 to accomplish the common objective of getting minor females to engage in sexual activity online and on camera. **yep** would talk to minor females on social media sites, to include the smartphone chat application Kik, to entice the minor females to log in a specified chatroom to engage in sexual acts on webcamera. He also chatted with minor females to encourage them to engage in sexual acts. In online

conversations with the other group members, **yep** referred to child pornography he had previously been a part of creating through the enticement of other minor females. **yep** and others used the application Kik to communicate with minor females online. The Kik username utilized by **yep** was **yep_yep_hun** and **yep_ster**.

7.   Kik was subpoenaed for subscriber information regarding the username **yep_ster** and **yep_yep_hun** on December 14, 2015, and responded on December 17, 2015. In the subscriber information for the username **yep_ster**, the IP logs indicated that all IP logins had occurred from IP address 99.90.62.85 between November 20, 2015 to December 12, 2015. In the subscriber information for the username **yep_yep_hun**, the most recent login on September 20, 2015 had been from IP address 99.90.62.85. Open source records indicated that the IP address 99.90.62.85 is owned by AT&T Internet. In a follow-up subpoena on February 2, 2016, Kik provided additional information that all user **yep_ster**'s logins were from the IP address 99.90.62.85 for the period between January 8, 2016 and February 1, 2016.

8.   On December 17, 2015, AT&T Internet was subpoenaed for the subscriber information of the subscriber utilizing IP address 99.90.62.85 between September 20, 2015 and December 12, 2015. AT&T responded on December 18, 2015 and provided the subscriber's address, 2XXX Brandy, Modesto, CA 95355, in the name of FULLER's wife. The IP history indicated that the subscriber at the above address had

6

had the IP address 99.90.62.85 from October 22, 2013 to December 18, 2015. A check of Accurint, an open source records provider, indicated that JUSTIN D. FULLER, date of birth XX/XX/1980, and his wife are the current residents at the above address. A check of DMV records from the State of California indicated that licensed drivers at the residence include: JUSTIN D. FULLER, date of birth XX/XX/1980 and his wife.

### Search Warrant Execution

9. On March 9, 2016, a federal search warrant was executed at the residence of JUSTIN D. FULLER, 2XXX Brandy Court, Modesto, California. FULLER, his wife and his infant child were present during the execution of the warrant. FULLER voluntarily spoke with agents and stated:

    a. He was a member of an online group of individuals that communicated with minor girls online on various media, including Website A and Kik;

    b. His screen name on Website A was **yep**;

    c. His primary role in the group that operated on Website A was to talk to minor females to induce them to perform sexual acts while on their webcamera;

    d. FULLER used a program called HyperLight to capture the videos of the minor females engaging in sexual acts on Website A;

    e. He used the username **yep_yep_hun** and **yep_ster** on Kik.

10. FULLER also voluntarily submitted to a polygraph examination. During the post interview of the polygraph, FULLER admitted to being a "looper" occasionally to entice the minor females to engage in sexual acts on webcamera. He admitted to encouraging at least ten girls over the past five years to engage sexual acts on Website A. He also admitted that he masturbated to several videos of minor females that he had captured from Website A.

11. In the garage of FULLER's residence, agents found a desktop computer. Agents learned that only FULLER had access to this computer through a password. When agents found the computer, it was active and on the Internet. At least one chatroom of Website A was logged in to. Multiple windows were open to a chatting website that is known to law enforcement to be utilized in a manner similar to Website A. A cellular telephone emulator was also running on the desktop computer and on that software the chatting application Kik was running. On that application, an active group chat was identified by FULLER as between himself, using Kik username **yep_ster**, and two other known group members. Several videos of child pornography were found in the download folder of the desktop computer.

## CONCLUSION

12. Based on the foregoing, there is probable cause to believe FULLER has produced, attempted to produce and conspired to produce child pornography in

violation of 18 U.S.C. § 2251(a) and (e); has been in the receipt or distribution, been a part of a conspiracy to receive and distribute and has attempted to receive and distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1); has been in the possession, knowing access, conspiracy to access and attempted to access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2); has coerced and enticed a minor in violation of 18 U.S.C. § 2422; and has participated in a child pornography enterprise in violation of 18 U.S.C. § 2252A(g)(2).

_____
Special Agent Adam Christensen
Federal Bureau of Investigation

<u>Sworn to me this 10th day of March</u>

_____
ELIZABETH STAFFORD
United States Magistrate Judge

9